IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID CHARLES McNEILL, JR., a minor, and
KATHLEEN McNEILL HAUS, individually and next
friend of David Charles McNeill, Jr.,

      Plaintiffs,

  -vs-                                                      No. CIV 97-0888 JC/JHG

LOVELACE HEALTH SYSTEMS, INC., a New Mexico
Corporation, MARIA C. CRAWLEY, M.D., and
JENNIFER LICHTENFELDS, M.D.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants' Motion to Join a Party Under Rule 19 (Docket No. 32) and Defendants' Motion for Leave to File an Amended Answer (Docket No. 37), both filed on March 31, 1998. The Court has reviewed the motions, the memoranda submitted by the parties, and the relevant authorities. The Court finds that the motion to amend is well taken and will be granted; the motion to join a party is not well taken and will be denied.

### Background

This case arises from the allegedly negligent medical treatment of David McNeill at the Lovelace Pediatric Clinic in Las Cruces, New Mexico. Plaintiffs brought this diversity suit pursuant to 28 U.S.C. § 1332. The pertinent claims to this motion allege medical malpractice against Dr. Crawley and Dr. Lichtenfels (Count I) resulting in brain damage to David McNeill, and a

derivative claim for loss of consortium brought by David's mother, Kathleen McNeill Haus ("Ms. Haus") (Count IV).

Defendants move to join David's purported father, Mark Jimenez, as a necessary party pursuant to Rule 19 because, "as David McNeill's biological father, Mr. Jimenez could assert a claim against Defendants for loss of consortium or other claims" in connection with David's medical malpractice claims.  Although Ms. Haus was not married when she became pregnant with David, she names Mr. Jimenez as the biological father.  Mr. Jimenez does not acknowledge paternity of David McNeill and has never seen him.  Ms. Haus and Mr. Jimenez entered into a contract before David was born, whereby Mr. Jimenez gave up any rights to David in exchange for being relieved of any duty to support.

> Mark understands and agrees he will have no right to legal custody, physical custody, time-sharing, or visitation.  He will have no voice in the raising or education of Kathleen's child.  He shall not be entitled to any records maintained on the child, including medical records, dental records, academic records, or other records of any nature or description.  He shall not have rights to the information as to the child's status, including physical, emotional, mental or spiritual condition.  He shall not be entitled to the information concerning the whereabouts of Kathleen's child.  He shall not have any right to be guardian or conservator of Kathleen's child.  He shall have no right to inherit from the child.

Plaintiffs maintain Mr. Jimenez is not a necessary or indispensable party to this case.

**Analysis**

Defendants first seek leave to amend their answer in order to preserve an affirmative defense of failure to join a necessary party.  Defendants claim it is unclear under the rules whether an answer's failure to include this Rule 19(a) defense constitutes a waiver of that defense.  Leave to amend shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  As such, I will grant Defendants leave

to amend their answer to preserve the issue.  Nevertheless, this affirmative defense fails because Mr. Jimenez is not a necessary party.

Rule 19(a) requires the court to assess three factors:  (1) whether complete relief would be available to the parties already in the suit; (2) whether the absent party has an interest related to the suit which as a practical matter would be impaired; and (3) whether a party already in the suit would be subjected to a substantial risk of multiple or inconsistent obligations.  Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr., 94 F.3d 1407, 1411 (10th Cir. 1996).  Defendants contend the second and third factors require joinder of Mr. Jiminez.

**Interest Which As A Practical Matter May Be Impaired**

The first question is whether Mr. Jimenez has an interest in the suit and, if so, whether that interest would "as a practical matter" be impaired.  Plaintiffs maintain that Mr. Jimenez is not a necessary party because he has no standing, right, or desire to claim an interest in this suit and even if he did, the claim is time-barred.  The only possible claim Mr. Jimenez could raise is one for loss of filial (parent-child) consortium.

In Anderson v. Waters, No. 96-1639 (D.N.M. July 29, 1997), the Honorable Santiago Campos, Senior Judge, declined to make an Erie guess as to whether loss of filial consortium is a recognized cause of action in New Mexico.  Judge Campos examined the progression of loss of consortium jurisprudence in New Mexico and noted that New Mexico now recognizes a claim for consortium-type damages based upon the impingement of the parent-child relationship.  The New Mexico Supreme Court only recently held that loss of consortium damages are compensable for spouses.  Romero v. Byers, 117 N.M. 422, 872 P.2d 840 (1994).  I agree with Judge Campos that Wilson v. Galt, 100 N.M. 227, 668 P.2d 1104 (Ct. App. 1983) (holding that parents had no claim for

loss of filial consortium where their infant son was severely disabled as a result of medical malpractice), is still the law in New Mexico. I incorporate by reference Judge Campos' opinion in Anderson and hold that Mr. Jimenez does not have an interest related to this suit. Therefore, joinder of Mr. Jimenez is not warranted.

Wherefore,

**IT IS ORDERED** that Defendants' Motion for Leave to File an Amended Answer be, and hereby is, **granted.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Join a Party Under Rule 19 be, and hereby is, **denied**.

DATED this 8th day of May, 1998.

										_____
										**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:	William F. Webber
				William F. Webber, P. A.
				Las Cruces, New Mexico

Counsel for Defendants:	W. Robert Lasater, Jr.
				Deborah E. Mann
				Rodey, Dickason, Sloan, Akin & Robb, P. A.
				Albuquerque, New Mexico